UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CRIMINAL ACTION NO.  2:13-20-ART

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) |
|  | ) |
| Plaintiff | ) |
|  | ) |
| VS. | ) |
|  | ) |
|  | ) |
| CLARENCE TONEY | |
| AKA DANIEL BOWLER | |
|  | ) |
| Defendant | ) |

## SENTENCING MEMORANDUM

This is a hard Sentencing Memorandum to write.  There are many arguments that can be made to sentence Mr. Toney to, at least, the upper end range of his guidelines.  There are arguments to be made on his behalf and it's the Court's obligation and duty to weigh those various arguments and determine the proper sentence.  I've always been impressed with the Federal Judiciary in their ability to sort through these various factors and arrive at a proper sentence.

The Defendant has filed an objection to a two-point upward level adjustment for possession of a firearm in a drug offense.  All of the small sales he made were to undercover informants and on the day he was arrested he did not have a gun nor did he ever display or indicate he had a gun during any of his other sales.  For that reason we believe the Court could ignore the upward adjustment because the gun was found miles from where he was arrested on March 7, 2013.

The guidelines take into account the severity of the offense and the criminal history total of VI adequately tells the Court of his criminal history.  Since these were very small sales and Mr. Toney is facing revocation of his parole as a result of this sentence, we would ask the Court to

sentence at the low end of any guideline that the Court finally determines is appropriate in this case.

We now come to the crux of the Presentence Report problem. The officer determined that Mr. Toney has a range of 100 grams and 400 grams of heroin based solely on statements he allegedly made to police officers. There is no proof that he ever had this kind of heroin or distributed this kind of heroin. The Court should consider the heroin that he actually distributed and possessed. This total comes to 26 grams which puts him between 20 and 40 grams and makes him a Level 18. If the probation officer does not reconsider the Presentence Report and designate Mr. Toney as a Level 18, we intend to pursue this objection at sentencing so that there can be a proper determination by the Court as to what Mr. Toney's actual involvement with heroin is. As the Court can see the disparity between Level 26 and Level 18 is enormous and is based on an erroneous calculation of relevant conduct.

Once again the Defendant asks the Court to sentence him at the bottom end of his guideline or whatever guideline the Court finally determines is the proper guideline level.

Respectfully Submitted,


s/F. Dennis Alerding
 F. DENNIS ALERDING
 303 Greenup Street
 Suite 300
 Covington, KY 4101
 859-431-8100


 CERTIFICATION

I hereby certify that a true and correct copy of this Memorandum was electronically filed and transmitted to the Hon. Elaine Leonhard, Assistant United States Attorney, on this 16th day of October, 2013.

s/F. Dennis Alerding
F. DENNIS ALERDING