UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

CRIMINAL ACTION NO. 13-20-ART                    *ELECTRONICALLY FILED*

UNITED STATES OF AMERICA                                              PLAINTIFF


V.             **UNITED STATES'S SENTENCING MEMORANDUM**


**CLARENCE TONEY, III**
**AKA DANIEL BOWLER**                                                DEFENDANT

\* \* \* \* \*

Pursuant to the Court's Sentencing Order, the United States submits the following Memorandum in anticipation of the Defendant's sentencing. As set forth more fully below, the United States opposes the Defendant's request for a sentence at the bottom of the Guideline range.

As an initial matter, the United States has submitted a written response to the Defendant's objections to the Presentence Investigation Report (PSR) prepared in this matter. In short, the government's position is that (1) the 2-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon (i.e., firearm) has been properly applied; and (2) the base offense level of 26, based on a drug quantity of 100-400 grams of heroin, has been properly calculated based on the Defendant's post-arrest admissions and corroborating evidence that was seized from his residence.

Since there are objections to the PSR that remain unresolved at this point, the United States is not in a position to make an informed request for a particular sentence.

Nevertheless, the information contained in the PSR is more than sufficient for the Court to reject the Defendant's request for a low-end sentence. The investigation in this case involved 7 controlled purchases of heroin – ranging from 1-3 grams each – from the Defendant, over approximately a one-month period. Following his arrest, the Defendant consented to an interview, during which he admitted obtaining at least an ounce of heroin approximately every week that he then sold to 15-20 people in Kentucky. Officers executed a search warrant on the apartment where he stayed with his girlfriend and located an additional quantity of heroin, paraphernalia associated with distribution, and cash.

This is not the Defendant's first crime, nor is it his first drug trafficking crime. The PSR reflects 3 prior convictions for drug trafficking, as well as countless other drug-related convictions. Those prior convictions yield 15 criminal history points, 2 more than required for a Category VI. The dispositions of those prior convictions also reveal a pattern of violating the terms and conditions of probation. The Defendant's lack of respect for the law and need for deterrence is all the more glaring when the Court considers the fact that he committed the instant offense less than 6 months after being released from a jail for a prior drug trafficking sentence.

Based on the foregoing, it is the position of the United States that a sentence at the low-end of the finally-determined guideline range is simply insufficient to achieve the statutory goals of sentencing.

Respectfully submitted,

KERRY B. HARVEY
UNITED STATES ATTORNEY

By:   /s/ Elaine K. Leonhard
Assistant United States Attorney
207 Grandview Drive, Suite 400
Ft. Mitchell, KY 41017
FAX (859) 655-3211

## CERTIFICATE OF SERVICE

On October 24, 2013, I electronically filed this notice using the CM/ECF system, which will automatically send the notice of electronic filing to:

F. Dennis Alerding
*Attorney for Clarence Toney, III*

/s/ Elaine K. Leonhard
Assistant United States Attorney